12-1079-cr
United States v. Marcus

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of February, two thousand thirteen.

PRESENT: RALPH K. WINTER,
         DENNY CHIN,
         CHRISTOPHER F. DRONEY,
              Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
              Appellee,

         -v.-                           12-1079-cr

GLENN MARCUS,
              Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                PAMELA K. CHEN (Emily Berger, on the brief), Assistant United States Attorneys, for Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

FOR DEFENDANT-APPELLANT:     DAVID A. LEWIS, Barry D. Leiwant, Federal Defenders of New York, Inc., New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Ross, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Glenn Marcus appeals from the judgment of the district court entered March 12, 2012, convicting him of forced labor in violation of 18 U.S.C. § 1589(1) & (2) and sentencing him to 96 months' imprisonment, 5 years' supervised release, and $54,497 in restitution.

We note that this is our third review of the case, see United States v. Marcus, 628 F.3d 36 (2d Cir. 2010); United States v. Marcus, 538 F.3d 97 (2d Cir. 2008) (per curiam), and that the Supreme Court has also reviewed the case, see United States v. Marcus, 130 S. Ct. 2159 (2010). After this Court vacated Marcus's sex trafficking conviction and remanded the case to the district court, 628 F.3d at 46, the government declined to retry the sex trafficking charge, and Marcus was resentenced just on his forced labor conviction. See Amended Judgment at 1, United States v. Marcus, No. 05 Cr. 457 (E.D.N.Y. Mar. 12, 2012), ECF No. 308.

In the present appeal, Marcus argues that his sentence on the forced labor count was procedurally and substantively unreasonable because the district court failed to properly weigh his medical condition in determining the sentence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a sentence for both substantive and procedural reasonableness under a deferential abuse of discretion standard. United States v. Watkins, 667 F.3d 254, 260 (2d Cir. 2012); United States v. Fernandez, 443 F.3d 19, 26-27 (2d Cir. 2006).

## 1. Procedural Reasonableness

The district court commits procedural error when it:

> (1) fails to calculate the Guidelines range; (2) is mistaken in the Guidelines calculation; (3) treats the Guidelines as mandatory; (4) does not give proper consideration to the § 3553(a) factors; (5) makes clearly erroneous factual findings; (6) does not adequately explain the sentence imposed; or (7) deviates from the Guidelines range without explanation.

Watkins, 667 F.3d at 260-61 (quotation omitted).

Marcus argues that the district court failed to give proper consideration to the § 3553(a) factors, or made clearly erroneous factual findings, in assessing how his medical condition should affect his sentence. We disagree, in both respects.

First, the district court carefully considered the relevant § 3553(a) factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to afford adequate deterrence, protect the public, and provide the defendant with correctional treatment. Although Marcus may disagree with the balance struck by the district court, he cannot fairly claim that it did not weigh the various factors.

Second, Marcus does not identify the clearly erroneous findings purportedly made by the district court. He points to no specific factual findings that he claims are clearly erroneous. Based on our review of the record, we are not persuaded that the district court made any factual errors. Accordingly, the claim of procedural error is rejected.

## 2.    Substantive Reasonableness

In examining the substantive reasonableness of a sentence, we review the length of the sentence imposed to determine whether it "cannot be located within the range of permissible decisions." Watkins, 667 F.3d at 261 (quotation omitted). "In the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." Id. (alteration and quotation omitted).

We find that Marcus's sentence of 96 months' imprisonment was substantively reasonable. First, the district court imposed a sentence well below the Guidelines range. At the March 5, 2012 resentencing, the district court found that the Guidelines range was a term of imprisonment between 210 and 262 months.[1] The district court imposed a sentence that was less than half of the lowest end of the Guidelines range.

Second, the district court imposed a sentence that reflected the seriousness of Marcus's offense, balanced against a number of mitigating factors. Regarding the nature and circumstances of the offense, the district court noted the seriousness of Marcus's crime: forced labor with acts

---

[1]    Although Marcus was sentenced on two counts at his initial sentencing and on only one count at his resentencing, the Guidelines range was the same for the two sentencings because the district court's grouping analysis resulted in no additional exposure at the first sentencing for the sex trafficking count. The district court imposed a non-Guidelines sentence of 108 months at the first sentencing.

constituting aggravated sexual abuse.  The district court considered the "horrific cruelty and violence [Marcus] visited upon his unwilling victim" and noted that Marcus's "physical and psychological torture [of the victim] persisted over a lengthy period of time . . . result[ing] in lasting physical and mental injury."  The district court found that "[a]fter brutally tormenting, terrorizing and torturing his victim, [Marcus] further degraded and exploited her by posting her pictures on his website from which he earned income and forced her to manage the website without compensation."

Third, the sentence accounted for the history and characteristics of the defendant.  The district court considered Marcus's medical condition, noting that Marcus suffered from myriad medical issues, his medical condition had deteriorated as a result of his initial incarceration, and he had developed additional medical problems since his first sentencing.  It concluded, however, that "[w]hile these matters warrant some consideration . . . [they are] only marginally mitigating" because Marcus had suffered from many of these medical issues prior to his initial incarceration, he could continue managing his condition while in prison, and the Bureau of Prisons was well equipped to provide appropriate medical care.

After considering all of the circumstances, including the § 3553(a) factors, the district court determined that a sentence of 96 months' imprisonment was no greater than necessary to accomplish the goals of sentencing.  We conclude that Marcus's

sentence was well within the range of permissible decisions and is therefore substantively reasonable.

We have considered all of Marcus's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk